Philip Edward PARES, Plaintiff,

v.

Carol Margaret PARES, Defendant.

No. 75–B–1100.

United States District Court,
E. D. Wisconsin.

March 17, 1977.

Morton Gollin, Stupar, Gollin & Schuster, S. C., Milwaukee, Wis., for plaintiff.

Charles H. Rowan, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

### FACTS

The plaintiff, bankrupt, and his former wife and judgment creditor, the defendant, obtained a divorce decree December 17, 1974, under which plaintiff was to pay to defendant a sum of money. Plaintiff filed a petition in bankruptcy May 12, 1975, listing the defendant as a creditor. Plaintiff received a bankruptcy discharge on August 7, 1975.

On April 6, 1976 defendant brought an action in the Circuit Court of Milwaukee County to hold plaintiff in contempt of court should he continue in refusing to pay the sum under the divorce judgment. Judge Foley heard arguments from both parties concerning the dischargeability of this debt in bankruptcy. Plaintiff argued that the debt was dischargeable because it was a property settlement, and defendant contended the debt was in the nature of alimony and not dischargeable in bankrupt-

cy. In its findings of May 10, 1976, the circuit court held for defendant. By order dated July 21, 1976 the circuit court directed plaintiff to pay the judgment under penalty of contempt of court.

Plaintiff brought this action October 7, 1976 in the Bankruptcy Court under § 17c(1) of the Bankruptcy Act for a stay of the state proceedings and for a determination of the dischargeability of the debt to defendant. In its final decision, November 1, 1976, the Bankruptcy Court, Judge McCarty presiding, refused to enjoin the state proceedings on the ground that plaintiff's petition was not timely brought. Plaintiff appeals to this Court to review the decision of the Bankruptcy Court.

### ISSUE ON APPEAL

Is the plaintiff prevented by the doctrine of *res judicata* from relitigating the issue of dischargeability of a debt where that issue has already been decided by a state court?

### CONCLUSION

The doctrine of *res judicata* bars the reconsideration of this issue in the Bankruptcy Court. The decision of the Bankruptcy Court should be affirmed.

### DISCUSSION

Section 17a of the Bankruptcy Act enumerates eight classes of debt which are non-dischargeable in bankruptcy. In relevant part, that section provides that one class of debts that are non-dischargeable are those debts which: "(7) are for alimony due or to become due, or for maintenance or support of wife or child . . . ."

Section 17c(2) of the Act (1970, as amended) gives the Bankruptcy Court exclusive jurisdiction to consider the dischargeability of debts enumerated under §§ 17a(2), (4) and (8). With regard to the other classes of non-dischargeable debt, state courts enjoy concurrent jurisdiction with the Bankruptcy Court to determine dischargeability.

The 1970 Amendments to the Bankruptcy Act also provide, in §§ 17c(1) and (4), that the bankrupt may file an application with the Bankruptcy Court to determine the dischargeability of any debt, whether or not an action on the debt is pending in a state court. That section also allows pending state proceedings to be stayed by the bankrupt's application until the determination of the Bankruptcy Court has been made.

The above sections were added to the Bankruptcy Act in 1970 to enhance debtor protection under that act. The amendments were aimed at curbing the abuses of harassing creditors in state courts. *Robertson v. Interstate Securities Co.,* 435 F.2d 784, 786 (8th Cir. 1971) (Quoting the introductory remarks of Senator Burdick, sponsor of the bill to amend the Bankruptcy Act). However, the power of the Bankruptcy Court to enjoin state proceedings under the amendment extends only to "pending" state proceedings, § 17c(4). The order of the circuit court in this case was a final, appealable order. Such an order cannot be said to be pending and is not subject to stay or to review by the Bankruptcy Court under § 17c.

In *Prebyl v. Prudential Insurance Co.,* 98 F.2d 199 (8th Cir. 1938), the Court of Appeals of the Eighth Circuit held that a determination by a state court that a debt was not cancelled by a discharge in bankruptcy was *res judicata* on the issue in federal court. Policies of judicial economy support this result. Nor would it be unfair to the plaintiff to deny review of the state court judgment. First of all, he has had an opportunity to present his case before a tribunal of competent jurisdiction. Second, his avenue of appeal is to the Supreme Court of Wisconsin. The Bankruptcy Court decided correctly that it had no power to reconsider the issue already decided by the state court.

Plaintiff relies primarily upon the holding in *Robertson v. Interstate Securities Co., supra.* In that case, the Eighth Circuit Court of Appeals held that a decision by a state court holding a debt non-dischargeable upon grounds of conversion was reviewable by the Bankruptcy Court under the special circumstances of that case. Those

circumstances included the unavailability of review by appeal of the state court judgment. That circumstance does not exist here. Nor are any of the other special circumstances mentioned in that case present in this case.

The decision in *Robertson* should also be discounted because of the particular context in which it was handed down. The state court decided the case in 1969. In 1970, the amendments to the Bankruptcy Act gave bankruptcy courts exclusive jurisdiction to consider dischargeability on grounds of willful and malicious conversion, § 17a(2). When the Eighth Circuit decided *Robertson* in 1971, it was understandable that the court was moved by the equities of the situation. Those equities do not extend to the present case, however.

The decision of the Bankruptcy Court should be and hereby is AFFIRMED and this appeal is DISMISSED.