In re Jeffrey Lowell WILLIAMS, Debtor.

Jeffrey Lowell WILLIAMS, Plaintiff,

v.

Barbara Dianne GURLEY (formerly Barbara Dianne Williams), Defendant.

Bankruptcy No. 80–0001N.
Adv. No. 79–00298N.

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

Adversary Proceeding Dec. 19, 1979.

Jan. 8, 1980.

Clifford C. Perkins, Jr., Perkins & Perkins, Carrollton, Ga., for plaintiff.

Richard C. Sutton, Howe & Sutton, Tallapoosa, Ga., for defendant.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On December 19, 1979, the debtor herein filed a voluntary petition for relief under 11 U.S.C. Chapter 7. On January 2, 1980, the debtor filed a complaint to determine the dischargeability of a debt arising from a Final Judgment and Decree issued by the Superior Court of Haralson County, Georgia, on July 5, 1978 and filed on July 27, 1978. On April 18, 1980, an evidentiary hearing was held on said complaint. At that hearing, and after hearing all the evidence presented by the parties and examining a copy of the aforementioned Judgment, this Court held that the debt in question was dischargeable in bankruptcy.

### FINDINGS OF FACT

1.

The parties to this proceeding were married on September 3, 1976, lived together until September 1977 and were divorced on July 5, 1978.

2.

No children were born as issue of the marriage.

3.

During the period of the marriage the parties accumulated various debts, and to avoid the harassment of creditors, the defendant borrowed a sum of money with which she paid off and consolidated these debts.

4.

The defendant acted as a volunteer in borrowing the aforementioned sum and did so without the knowledge or permission of the plaintiff/debtor.

5.

On July 5, 1978, the Superior Court of Haralson County, Georgia issued a Final Judgment and Decree (of Divorce) ordering the plaintiff herein to pay to the defendant herein the sum of $3,421.39 at a rate of not less than $125.00 per month.

6.

The aforementioned sum of $3,421.39 represented certain liabilities of the plaintiff including $2,000.00 owed for his Pontiac automobile, $500.00 for his membership in a Health Spa, and a division of liabilities incurred with credit cards by the parties.

7.

On December 19, 1979, the debtor/plaintiff filed his voluntary petition in this Court, and on that same day the Superior Court of Haralson County, Georgia entered an Order declaring that the sum of money awarded by the aforementioned Final Judgment and Decree was not alimony but was maintenance and support and thus not dischargeable in bankruptcy.

8.

The Final Judgment and Decree (of Divorce) stated:

"During the pendency of the marriage of the parties, plaintiff became obligated to pay bills, notes and accounts on behalf of defendant [debtor herein], none of which he has helped her with, and she is entitled to recover of the defendant the sum of $3,500.00 by virtue of her expenditures in this regard, all of which she is being required to continue to pay."

9.

The parties intended that this amount be paid in settlement of debts and not as support or maintenance.

### CONCLUSIONS OF LAW

The issue presented by this Case is whether the debt in question is dischargeable in bankruptcy notwithstanding the Order of the Superior Court of Haralson County, Georgia on December 19, 1979 which held that it was not. In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court considered the question of whether a Bankruptcy Court, in considering the issue of dischargeability of a debt, is confined to a review of the judgment and record in a prior state court proceeding. In its own words, the Court held:

"In sum, we reject respondent's contention that res judicata applies here and we hold that the bankruptcy court is not confined to a review of the judgment and record in prior state court proceedings when considering the dischargeability of respondent's debt. Adopting the rule respondent urges would take § 17 issues out of bankruptcy courts well suited to adjudicate them and force those issues on to state courts concerned with other matters, all for the sake of a repose the bankrupt has long since abandoned. This we decline to do." 442 U.S. 127, 138–139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767, 776.

The Court further stated:

"If a state court should expressly rule on § 17 questions, then giving finality to those rulings would undercut Congress' intention to commit § 17 issues to the jurisdiction of the bankruptcy court." 442 U.S. 127, 135–136, 99 S.Ct. 2205, 2211, 60 L.Ed.2d 767, 774.

In describing the Congressional purpose underlying the enactment of the 1970 amendments to § 17a, the Court stated:

"A secondary purpose, however, was to take these § 17 claims away from state courts that seldom dealt with the federal bankruptcy laws and to give those claims to the bankruptcy court so that it could develop expertise in handling them. By the express terms of the Constitution, bankruptcy law is federal law, U.S.Const., Art. I, § 8, cl. 4, and the Senate Report accompanying the amendment described the bankruptcy court's jurisdiction over these § 17 claims as 'exclusive.'" *Id.*

■ While creating some concurrent jurisdiction in the Bankruptcy Court and State Courts, the new Bankruptcy Code retains the underlying rationale of *Brown v. Felsen.* The jurisdiction of the State Courts and the Bankruptcy Court is concurrent as to civil proceedings arising in or related to cases under Title 11 including complaints to determine the dischargeability of debts alleged to be in the nature of alimony, maintenance or support. 28 U.S.C. § 1471(b). It is clear that the Superior Court has the jurisdiction to determine the dischargeabili-

ty of this type of debt in a civil proceeding held for that purpose. However, the evidence indicates that the Order of the Superior Court concerning the dischargeability of this debt was issued as a collateral matter in a contempt proceeding rather than specifically in a proceeding to determine dischargeability.

■ The jurisdiction statutes enacted with the new Code allow removal of any civil action to the Bankruptcy Court if the Bankruptcy Court has jurisdiction. 28 U.S.C. § 1478(a). Clearly, a party could not remove from Superior Court a proceeding to determine whether that party is in contempt of Superior Court. However, a party has the right to remove a proceeding to determine the dischargeability of a debt to the Bankruptcy Court. *Id.* Therefore, this Court will view the Order of the Superior Court in the context in which it arose, i. e., a proceeding under State law to determine whether a party stood in contempt of that Court.

■ As one commentator has stated:
"The Congressional intent makes clear that what constitutes alimony, maintenance or support will be determined under the Bankruptcy laws, not State law." 3 *Collier on Bankruptcy* ¶ 523.15[1] (15th ed. 1979).

■ Therefore, this Court will adopt the rationale of *Brown v. Felsen* and hold that the determination of the Superior Court (that under State law and for the purposes of the contempt proceeding that the debt in question was not dischargeable) is not *res judicata* as a matter of federal law.

■ This Court finds that it has a duty to hear evidence and to make determinations on the issue of the dischargeability of debts in bankruptcy. In undertaking to fulfill that duty, this Court held a hearing on the dischargeability of the debt in question. The sole issue to be determined was whether the award of $3,500.00 in the Final Judgment and Decree of the Superior Court of Haralson County, Georgia of July 5, 1978 "is actually in the nature of alimony, maintenance, or support" within the meaning of

11 U.S.C. § 523(a)(5)(B). After hearing the evidence of the parties, this Court finds that it must, with the greatest reluctance and respect, disagree with the conclusions of the Superior Court Judge.

The evidence heard by this Court indicates that the liability of the plaintiff herein, which arose from the aforementioned Final Judgment and Decree, was in the nature of a property settlement or division of debts. The evidence indicated that of the $3,500.00 which was awarded, $2,000.00 represented the remaining balance of the purchase price of a Pontiac automobile which was awarded to the plaintiff. Another $500.00 represented the unpaid balance of the fees arising from the plaintiff's Health Spa membership. The remaining balance of the $3,500.00 was to cover the plaintiff's share of debts incurred during the marriage on various charge accounts. It seems clear to this Court that in view of these facts and the testimony of both parties that the settlement agreed to and ordered by the Superior Court was intended to divide the liability for previously incurred debts and was not intended as maintenance or support of the defendant.

Not only the facts of the settlement but the facts surrounding the marriage and divorce indicate that no agreement of maintenance or support was intended. At the time of the divorce both parties were young, the plaintiff nineteen and the defendant twenty. The marriage had been brief and there had been no children. During the course of the marriage the defendant had consistently made more money than the plaintiff. In fact, at the time of the divorce the defendant was working while the plaintiff was unemployed. The foregoing reenforces the impression that these parties did not intend that the plaintiff support or maintain the defendant. The defendant at the time of the divorce was young, healthy, employed and without dependents. It would have been unusual in such circumstances for a court to have awarded maintenance or support to her. This Court finds that the debt in question is not "actually in the nature of alimony, maintenance, or support" within the meaning of 11 U.S.C. § 523(a)(5)(B) but arose from a division of debts and is therefore dischargeable in bankruptcy.

It is ORDERED and ADJUDGED that the debt of the plaintiff herein to the defendant herein, arising from the Final Judgment and Decree of the Superior Court of Haralson County, Georgia issued on July 5, 1978, is dischargeable in bankruptcy.

IT IS SO ORDERED.