In re George A. PETERMAN, Debtor.

Annemay Peterman KUZMINSKI, Plaintiff,

v.

George A. PETERMAN, Defendant.

Bankruptcy No. 79–02320G.
Adv. No. 80–0128G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 25, 1980.

**688**

Saul L. Langsam, Cheltenham, Pa., for plaintiff.

Timothy R. Smith, Yardley, Pa., for defendant.

Leo F. Doyle, Philadelphia, Pa., interim trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The legal problem confronting us arises from a complaint filed by the debtor's former wife for a determination of the dischargeability of a debt included in her judgment for divorce which debt a state court judge has determined to be dischargeable. We conclude that, under the facts of this case, that determination is entitled to res judicata or collateral estoppel effect.

The facts of the instant case are as follows: [1]

On November 7, 1979, a judgment for divorce was entered by the Superior Court of New Jersey, Chancery Division, Mercer County, in the matter of *George A. Peterman v. Annemay Peterman.*[2] As part of that judgment,[3] George Peterman was ordered to pay $12,533.19 to Annemay Peterman "representing her equitable share of the property acquired during the marriage and the stocks retained by" George Peterman.[4]

On December 17, 1979, George Peterman filed a petition for relief under Chapter 7 of the Bankruptcy Code ("the Code").[5] One of the debts listed in the schedules which ac-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. In the judgment for divorce the defendant's name was spelled Annamae, although in the instant proceeding it is spelled Annemay. Further, the defendant has remarried and has filed the instant complaint as Annemay Peterman Kuzminski. For purposes of clarity, we will refer to her as Annemay Peterman.

3. A copy of that judgment is attached as Exhibit A to the motion for summary judgment of

George Peterman. Among other things, the judgment ordered that George Peterman pay $50 per week for the support and maintenance of Annemay Peterman and pay $25 per week for the support and maintenance of each of their two children. *Id.* at ¶ 3.

4. *Id.* at ¶ 8.

5. The Bankruptcy Code became effective on October 1, 1979. The Bankruptcy Reform Act of 1978, Pub.L.No.95-598, 92 Stat. 2683 (1978).

companied that petition was the foregoing judgment. After receiving notice of the filing of the petition, Annemay Peterman filed a motion in the Superior Court of New Jersey to enforce her rights under the judgment for divorce.[6] In that motion, Annemay Peterman advised the state court that George Peterman had filed a petition for relief under the Code.[7]

On March 7, 1980, at a hearing before the judge who had entered the judgment for divorce,[8] the attorney for George Peterman raised only one issue,—the effect of the filing of the bankruptcy petition on the enforceability of the money judgment. When the hearing judge stated that he understood that, pursuant to New Jersey law, the provisions of a property settlement, which he considered to be the basis of the debt at issue, were dischargeable in bankruptcy, the attorney for George Peterman argued that, under the new Bankruptcy Code, federal law, not state law, was to control in dischargeability issues.[9] Thereupon the hearing judge stated that he would consider the issue in light of the applicable federal cases and held the matter under advisement to afford both parties the opportunity to file memoranda of law on the issue. On April 3, 1980, the judge entered an order denying the motion of Annemay Peterman to compel payment of the $12,533.19 by George Peterman, thereby, in effect, ruling that the debt was dischargeable.

In the meantime, on March 28, 1980, while the issue was pending before the state court, Annemay Peterman filed a complaint in this court to determine the dischargeability of the debt of $12,533.19 owed to her by George Peterman.[10] In his answer and at the hearing on the complaint, George Peterman argued that the decision of the Superior Court of New Jersey was res judicata of the issue of the dischargeability of the debt. Since the relevant facts are not in dispute, we allowed George Peterman to file a motion for summary judgment and directed that briefs be filed on the res judicata effect of the prior decision of the Superior Court of New Jersey. It is that motion that is before us now.

We initially note that res judicata is a general doctrine whereby multiple litigation is sought to be avoided.

Res judicata ensures the finality of decisions. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 [99 S.Ct. 970, 973, 59 L.Ed.2d 210] (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.[11]

Collateral estoppel, though related, is a much narrower term.

Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent

**6.** A copy of that motion is attached as Exhibit B to the motion for summary judgment of George Peterman.

**7.** *Id.* at ¶ 5.

**8.** The transcript of that hearing is attached as Exhibit D to the motion for summary judgment of George Peterman.

**9.** *See* the Legislative History notes to section 523(a)(5), Collier Pamphlet Edition of the Bankruptcy Code at 239 (1979). *See also*, 3 Collier on Bankruptcy ¶ 523.15[1] (15th ed. 1979).

Section 523(a)(5) of the Code excepts from discharge debts in the nature of alimony, maintenance or support but does not except debts for a property settlement between ex-spouses.

**10.** Although the complaint was titled a complaint objecting to discharge, it is obvious from the complaint itself and from counsel's argument at the hearing that the complaint is really one seeking a determination of the dischargeability of a debt. And, since we denied, as untimely, the motion of Annemay Peterman, made at that hearing, to amend the complaint to include a general objection to the debtor's discharge, the only issue before us is the dischargeability of the debt owed by George Peterman to Annemay Peterman in the amount of $12,533.19.

**11.** *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

suits based on a different cause of action involving a party to the prior litigation.[12] Thus, while res judicata bars relitigation of all related issues which were or could have been litigated in a prior case, collateral estoppel bars only the relitigation of issues which were actually decided in the prior case.

With both res judicata and collateral estoppel, the prior decision must have been a valid and final judgment made by a court of competent jurisdiction.[13] In the instant case Annemay Peterman contends that the Superior Court of New Jersey was not a court of competent jurisdiction because the bankruptcy court is the only court with jurisdiction to determine the dischargeability of debts. We cannot agree.

Under the new Bankruptcy Code, the bankruptcy courts have "original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." [14] Therefore, a state court, acting within its own jurisdictional bounds, would have jurisdiction concurrent with the bankruptcy court with respect to civil proceedings arising in a bankruptcy case. The case before us appears to present just such a situation. The Superior Court of New Jersey, acting within its jurisdiction to interpret and enforce its own judgments for divorce, of necessity had to determine the dischargeability of the debt in question before it could proceed to act on the motion of Annemay Peterman for enforcement of the monetary provision of its judgment for divorce.

Section 523 of the Code, which deals with the dischargeability of debts, does not alter this concurrent jurisdictional arrangement, at least with respect to a debt of the kind involved herein. Annemay Peterman asserts that the debt involved in this case falls within subsection 523(a)(5), which makes nondischargeable a debt in the nature of alimony, maintenance or support.[15] While subsection 523(c) gives the bankruptcy court exclusive jurisdiction to determine the dischargeability of debts listed in subsections 523(a)(2), (4), and (6) when a creditor requests such a determination, it does not give the bankruptcy court exclusive jurisdiction over the debts listed in the other subsections of 523(a), including subsection 523(a)(5).[16] Therefore, it is clear that there is concurrent jurisdiction in the bankruptcy court and the state courts to determine the dischargeability of debts under subsection 523(a)(5).[17]

It has been questioned, however, whether, despite the fact that a state court has concurrent jurisdiction, the bankruptcy court is bound to give the state court decision res judicata or collateral estoppel effect in dischargeability issues. At least one court has recently decided that a bankruptcy court is not so bound. *In re Williams*, 3 B.R. 401 (Bkrtcy.N.D.Ga.1980).[18] In that case the bankruptcy court held that it was not bound by a state court determination that a debt (for maintenance and support) was nondischargeable where that determination was made "as a collateral matter in a contempt proceeding rather than specifi-

12. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979).

13. *See, e. g., Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Haize v. Hanover Ins. Co.*, 536 F.2d 576 (3d Cir. 1976); *Coggins v. Carpenter*, 468 F.Supp. 270 (E.D.Pa.1979).

14. 28 U.S.C. § 1471(b). That section was added to Title 28 by § 241(a) of The Bankruptcy Reform Act and is effective during the transition period, October 1, 1979, through March 31, 1984. The Bankruptcy Reform Act, Pub.L.No. 95–598, § 405(b), 92 Stat. 2683 (1978).

15. 11 U.S.C. § 523(a)(5).

16. 11 U.S.C. § 523(c).

17. *See* 3 Collier on Bankruptcy ¶ 523.15[6] (15th ed. 1979). *See also*, 1 D. Cowans, Bankruptcy Law and Practice § 253 (1978).

18. *But see, Pares v. Pares*, 428 F.Supp. 1005 (E.D.Wis.1977) in which the District Court affirmed a decision of the bankruptcy court refusing to enjoin the enforcement of a final divorce decree. The District Court stated that where a state court was final it was not subject to stay or review by the bankruptcy court but was, instead, res judicata.

cally in a proceeding to determine dischargeability." [19] The bankruptcy court cited *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) in support of its conclusion that res judicata and collateral estoppel were not applicable and that the bankruptcy court was thus not confined to a mere review of the state court record in dischargeability cases.

We cannot agree with the result reached by the bankruptcy court in *Williams*. First, in *Brown v. Felsen*, the Supreme Court was considering a case under subsections 17a(2) and (4) of the former Bankruptcy Act where the bankruptcy court had *exclusive* jurisdiction over the determination of the dischargeability debts—just as the bankruptcy court has exclusive jurisdiction under the Code over the determination of the dischargeability of debts under subsections 523(a)(2), (4) and (6). The Supreme Court held that, where Congress had mandated that the bankruptcy courts shall have exclusive jurisdiction over an issue, res judicata should not be used, in effect, to divest that court of that exclusive jurisdiction.[20] However, the Supreme Court in *Brown v. Felsen* did not deal with the case where the bankruptcy court has only concurrent jurisdiction. In such a case we believe that the bankruptcy court should not, in effect, create exclusive jurisdiction in itself by ignoring the principles of res judicata and collateral estoppel.

■ Further, in *Brown v. Felsen*, the Supreme Court indicated that although res judicata was not appropriate in cases where the bankruptcy court had exclusive jurisdiction, collateral estoppel might be. The Supreme Court stated, in this regard:

This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas, res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. . . . If, in the course, of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.[21]

Where Congress has given the bankruptcy court exclusive jurisdiction over an issue, there might be an argument that statutory policy prevents the application of collateral estoppel because Congress has intended that the issue actually be decided in the bankruptcy court.[22] However, where Congress has only given the bankruptcy court jurisdiction which is concurrent with state court jurisdiction, there does not appear to be any statutory policy against the application of collateral estoppel.[23] Thus, we conclude that res judicata and collateral estoppel might be applicable in some cases, such as the one at bar, where the bankruptcy court has only concurrent jurisdiction.[24]

■ Moreover, we conclude that the application of res judicata and particularly of collateral estoppel to the facts of the instant case precludes the relitigation of the dischargeability issue. The test enunciated by the Court of Appeals for the Third Circuit as to when collateral estoppel is appropriate is:

of the Act) where the bankrupt *actually* litigated that issue in the prior case. *Id.* at 292–93. The Court of Appeals decided, however, that a default judgment could have no res judicata or collateral estoppel effect in bankruptcy cases. *See also, In re Ross*, 602 F.2d 604 (3d Cir. 1979); in *Webster*, 1 B.R. 61 (E.D.Va.1979).

**19.** 3 B.R. at 403.

**20.** *Brown v. Felsen*, 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2212–2213, 60 L.Ed.2d 767 (1979).

**21.** Id. at 139 n. 10, 99 S.Ct. at 2213 (cites omitted).

**22.** *See id.* and articles noted therein. *But see, In re McMillan*, 579 F.2d 289 (3d Cir. 1978) wherein the Court of Appeals for the Third Circuit stated that collateral estoppel would apply even in cases where the bankruptcy court has exclusive jurisdiction (over the dischargeability of a debt listed in section 17a(2)

**23.** *See, e. g.*, 1 D. Cowans, Bankruptcy Law and Practice § 253 (1978).

**24.** *See Pares v. Pares*, 428 F.Supp. 1005 (E.D. Wis.1977) noted in note. 18 *supra*.

Thus, there are at least four requirements which must be met before collateral estoppel effect can be given to a prior action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.[25]

In the case at bench the issue decided by the Superior Court of New Jersey was the same as the issue before us—namely, the dischargeability of the $12,533.19 debt owed by George Peterman to Annemay Peterman. Further, that issue was actually litigated, with both parties appearing and having the opportunity to argue and brief the matter in dispute, and the judgment was a valid and final one [26] by a court of competent jurisdiction. Finally, the determination of the dischargeability of the debt by the Superior Court of New Jersey was necessary in order for it to decide the ultimate issue before it—whether to take any measures to compel George Peterman to comply with the judgment for divorce.

Consequently, we conclude that, by operation of res judicata and collateral estoppel, the parties are precluded from relitigating the issue of the dischargeability of the $12,533.19 debt owed by George Peterman to Annemay Peterman by the decision of the Superior Court of New Jersey holding that debt dischargeable and we will, accordingly, grant George Peterman's motion for summary judgment.

---

**25.** *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976).

**26.** The time for appealing the judgment having lapsed. *See* Exhibit F attached to the motion *for summary judgment of George Peterman.*