In re David R. RAPOSA, Debtor.

David BURTON, Plaintiff,

v.

David R. RAPOSA, and Lloyd Belford, Trustee, Defendants.

Bankruptcy No. 80–01289–JG.
Adv. No. A80–0615.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 8, 1982.

Assiran & Ellis, Taunton, Mass., for plaintiff.

John Silvia, Jr., Fall River, Mass., for defendants.

1. Section 523 Exceptions to discharge.
   (a) a discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—
   . . . (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition, or
   (B) use of a statement in writing—
   (i) that is materially false;
   (ii) respecting the debtor's or an insider's financial condition;
   (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
   (iv) that the debtor caused to be made or published with intent to deceive.
   . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

2. The entire judgment consists of three paragraphs as follows:

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

The plaintiff herein, David Burton has filed a complaint alleging that particular debts owed to him by the debtor, David Raposa, are not dischargeable in bankruptcy in accordance with Section 523(a)(2) and Section 523(a)(4)[1] of the Bankruptcy Code.

Plaintiff became a judgment creditor of the debtor on or about October 31, 1978 in the Superior Court of the state of California for the county of Los Angeles for the principal amount of $39,070.35 together with costs and interest and now moves this court for summary judgment against the defendant based on collateral estoppel and res judicata.

The parties have introduced the California court judgment against Raposa which clearly shows that Mr. Raposa's attorney of record did not appear for trial.[2] There is also an outstanding question of fact as to whether the California court adopted the plaintiff's findings of fact and conclusions of law as submitted, since there is an "s/" over the place for the judge's signature, but no actual signature nor a certification from the clerk of the court.

This action was regularly called for trial in Department 1 of this Court, and transferred for trial to Dept. 69, the Honorable Charles H. Older, Judge presiding. Barry L. Friedman, Esq. appeared for plaintiff David Burton; Franklin K. Lane III, Esq. attorney of record herein for defendants David R. Raposa, Elisa Raposa & Foxx Food Corporation, a California corporation, did not appear.
Doe Corporations I through II, inclusive, Doe Partnerships III and IV, inclusive, and Does V through X, inclusive, and each of them, are dismissed from the action without prejudice.
IT IS ORDERED ADJUDGED AND DECREED that plaintiff David Burton shall have and recover judgment from and against defendants David R. Raposa, Elisa Raposa and Foxx Food Corporation, a California corporation and each of them, jointly and severally, on all causes of action in the complaint herein, in the principal sum of $39,070.35, together with costs in the sum of $194.00 plus interest on said principal sum at the legal rate of 7% per annum from August 24, 1978 to the date hereof in the sum of $489.00.

Although plaintiff alleges the California court made a determination on the merits, I find the judgment to be a default judgment in which the court issued an assessment of damages. The affidavit of David R. Raposa, the debtor herein and the defendant in the California litigation, supports this conclusion. Mr. Raposa's affidavit states that at the date scheduled for trial he was in Massachusetts and that he would have traveled to California to litigate his defense, had he been informed of the date and time certain to appear in court. He further denied any fraudulent action and alleged his own valid counterclaims.

▇ Plaintiff's request for summary judgment based on the res judicata effect of the prior decision of the California court must be denied. The general doctrine of res judicata ensures the finality of a decision and is intended to avoid multiple litigation. Under res judicata "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U. S.*, 440 U.S. 147 at 153, 99 S.Ct. 970 at 973, 59 L.Ed.2d 210 (1979). Res judicata prevents litigation of all related issues which were or could have been litigated, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felson*, 442 U.S. 127 at 131, 99 S.Ct. 2205 at 2209, 60 L.Ed.2d 767 (1979); *In re Peterman*, 5 B.R. 687, 6 B.C.D. 851 (Bkrtcy.E.D.Penn.1980).

▇ In 1979, with the issuance of the Supreme Court decision in *Brown v. Felson*, the doctrine of res judicata was held inapplicable with regard to dischargeability questions under sections 17(a)(2), (4) and (8) of the Bankruptcy Act wherein the bankruptcy court had exclusive jurisdiction over the determination of the dischargeability of particular debts. The Supreme Court held that where Congress mandated that bankruptcy courts shall have exclusive jurisdic-

tion over an issue, res judicata should not be used to divest the court of that exclusive jurisdiction. *Brown v. Felson*, 442 U.S. 127 at 138–39, 99 S.Ct. 2205 at 2212–13, 60 L.Ed.2d 767 (1979); See also: *In the Matter of Eskenazi*, 6 B.R. 366, 6 B.C.D. 1140 (Bkrtcy.App. 9th Cir. 1980); *In re Peterman*, 5 B.R. 687, 6 B.C.D. 851 at 853 (Bkrtcy.E.D.Pa.1980). Similarly, section 523(c) of the Bankruptcy Code grants the Bankruptcy Court exclusive jurisdiction to determine the dischargeability of debts listed in subsections 523(a)(2), (4) and (6) when a creditor requests such determination.[3] It appears clear that the rationale of the *Brown* decision is applicable under both the old Act and the new Code (Bankruptcy Reform Act of 1978) and thus the doctrine of res judicata is inappropriate here. See: *In the Matter of Eskenazi*, 6 B.R. 366, 6 B.C.D. 1140 at 1141 (Bkrtcy.App. 9th Cir. 1980); *In re Peterman*, 5 B.R. 687, 6 B.C.D. 851 at 853 (Bkrtcy.E.D.Pa.1980); *In re Whitmore*, 7 B.R. 835, 7 B.C.D. 41 at 43 (Bkrtcy.N.D.Ga. 1980).

▇ The Supreme Court, however, did not expand its ruling to include the narrower principle of collateral estoppel which holds that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to prior litigation." *In re Peterman*, 5 B.R. 687, 6 B.C.D. 851 at 852 (Bkrtcy.E.D.Pa. 1980) citing: *Montana v. U. S.*, 440 U.S. 147 at 153, 99 S.Ct. 970 at 973, 59 L.Ed.2d 210 (1979). Thus, collateral estoppel bars the relitigation of issues which were actually and necessarily decided in a prior suit. Although the plaintiff herein alleges that the doctrine of collateral estoppel is appropriate in regard to this litigation, this court does not agree.

The standards enunciated by the Court of Appeals for the third circuit as to the ap-

---

**3.** Section 523(c):

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such a

debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

propriate application of collateral estoppel was set forth in *Haize v. Hanover Insurance Co.*, 536 F.2d 576 at 579 (3rd Cir. 1976) wherein the court said:

"Thus, there are at least four requirements which must be met before collateral estoppel effect can be given to a prior action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment."

The third circuit has been consistent in its refusal to patently extend collateral estoppel effect to state court judgments. See: *In the Matter of McMillan*, 579 F.2d 289 at 291 (3rd Cir. 1978), and also: *In re Johnson*, 323 F.2d 574 (3rd Cir. 1963) which refused application of collateral estoppel even prior to the 1970 amendments.[4]

Similarly the fourth circuit has emphasized that the Bankruptcy Court can look beyond the previous state court judgment and hear new evidence at the hearing on dischargeability. *Matter of Pigge*, 539 F.2d 369 (4th Cir. 1976).

The ninth circuit has presented an even narrower interpretation and held: "As we read those Amendments[5] there is no room for the application of the technical doctrine of collateral estoppel in determining the dischargeability of debts described in sections 17(a)(2), (4) and (8) of the Bankruptcy Act." *In re Houtman*, 568 F.2d 651 at 653 (9th Cir. 1978). Although the court admits that exclusive jurisdiction in the federal courts does not automatically preclude the application of collateral estoppel, it requires that a Bankruptcy Court consider *all* relevant evidence, including the state court proceeding. (emphasis added) See also: *Lawrence T. Lasagna, Inc. v. Foster*, 609 F.2d 392 (9th Cir. 1979); Cf.: *In re Kasler*, 611 F.2d 308 (9th Cir. 1979) where the court allowed application of collateral estoppel where the facts found by the first court were "essential to the prior decision as a matter of law."

In the instant complaint the factually relevant issues were never actually litigated in the state court, even though a judgment was entered for the plaintiff. I find that the elements enunciated by the third circuit for the application of collateral estoppel are not present in the case before the bar since the California judgment was in the nature of a default judgment.

Both parties agree that absent collateral estoppel effect being given to the California court judgment, summary judgment does not lie merely from the affidavits submitted by the debtor and California counsel, it is apparent that substantial outstanding issues of material fact exist.

In accordance with this court's refusal to apply the doctrines of collateral estoppel and res judicata for the reasons enunciated above, plaintiff's motion for summary judgment must be denied.

---

**4.** 1970 Amendments gave the Bankruptcy Court exclusive jurisdiction over dischargeability of particular debts described in sections 17(a)(2), (4) and (8) of the Bankruptcy Act.

**5.** The 1970 Amendments to the Bankruptcy Act of 1898.