Vicky L. LINCOLN, f.k.a. Vicky L. Phillips, Plaintiff,

v.

Edward Dale PHILLIPS, Defendant.

In the Matter of Edward Dale PHILLIPS, Debtor.

Bankruptcy No. 3–82–03019.
Adv. No. 3–83–0014.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 30, 1983.

Paul D. Malina, Springfield, Ohio, for plaintiff.

Samuel L. Calig, Columbus, Ohio, for debtor.

James R. Warren, Springfield, Ohio, Trustee.

## PRELIMINARY PROCEDURE

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon Complaint filed on 10 January 1983 by Debtor's ex-wife for a determination that certain of Debtor's obligations incurred pursuant to the parties Separation Agreement are nondischargeable under 11 U.S.C. § 523(a)(5). The Court held a pretrial conference on 4 February 1983, and heard the matter on 11 March 1983. The following decision is based upon the parties' Joint Pretrial Order, inclusive of the documents, in particular the Separation Agreement, attached thereto; the evidence adduced at the hearing; and the parties' briefs submitted subsequent to the hearing.

## FINDINGS OF FACT

The pertinent facts are not in dispute. The parties were married in 1968. During the marriage, the parties purchased a home which became their principal residence, upon which they made two mortgage loans.

The parties' Decree of Divorce was issued on 23 May 1980. Pursuant to the Separation Agreement dated 18 April 1980, Plaintiff took custody of the parties' two minor children. The Separation Agreement also provides that Debtor is to pay nominal monthly child support payments and the children's medical expenses. The Agreement also specifically provides that, "Wife and husband waive all right to any alimony and support from the other, past and future." The Agreement further provides, as follows:

(4) REAL ESTATE

The wife shall have the use and occupancy of the residence of the parties known as 97 Lynn Street in North Lewisburg, Ohio, until July 15, 1980 at which time she shall vacate said premises. During such occupancy the wife shall make the payment due on the 1st mortgage to Peoples Savings and Loan Company of Urbana, Ohio, shall pay all utility bills and one-half of the cost of maintenance and repair of said premises. During the wife's occupancy of said premises the husband will make the payments due on the second mortgage to Production Credit Association of Bellefontaine, Ohio, and one-half of the maintenance and repairs of said premises. After July 15, 1980, husband shall assume and pay both the first and second mortgage, all utilities and repairs and maintenance, and save the wife harmless therefrom.

Wife shall deed her interest in the said real estate to the husband.

At the time of the divorce, Debtor was employed and earned approximately $400.00 a week. Debtor's Statement of Financial Affairs indicates that in 1980 he earned $20,000.00 and in 1981 he earned $21,000.00.

Plaintiff was temporarily unemployed at the time of the divorce, but she earned $8,300.00 in 1980, $9,500.00 in 1981, and (because she was "laid off") only $3,400.00 in 1982.

Debtor filed his Petition under Chapter 7 on 25 October 1982. Debtor scheduled the two loans secured by the home. The present aggregate outstanding balance on the two loans is approximately $46,000.00. The home is presently the subject of a foreclosure action, and the home's appraised value for purposes of the foreclosure action is $27,000.00. Debtor has attempted to sell the home by private sale, but to date, has been unsuccessful.

## DECISION AND ORDER

The basic issue before the Court is whether Debtor's assumption of the subject loans is "in the nature of alimony, maintenance and support." 11 U.S.C. § 523(a)(5). Previous opinions issued by this Court have addressed this question in considerable detail, and are incorporated herein for purposes of brevity. *See,* in particular, *Matter of Sturgell,* 7 B.R. 59, B.L.D. ¶ 67,701 (Bkrtcy.1980); *Tope v. Tope,* 7 B.R. 422 (Bkrtcy.1980); *Stamper v. Stamper,* 17 B.R. 216 (Bkrtcy.1982); *Penwell v. Penwell,* Case No. 3–80–03929; Adv. No. 3–81–0169 (March 22, 1982); and *Inskeep v. Draper,* 25 B.R. 518 (Bkrtcy.1982).

Based upon the rationale of these opinions applied to the instant facts, it is the determination of this Court that the instant obligation is in the nature of a portion of the maintenance and support of minor children as contemplated in 11 U.S.C. § 523(a)(5), even though alimony and support for the divorced wife was explicitly waived in a division of property. This finding is based largely upon the facts that the marriage was relatively lengthy, that Plaintiff has custody of the children, and that Plaintiff's income is less than half of Debtors' and is insufficient either to have maintained the parties previous joint residence or to maintain a current residence for the children if Plaintiff is forced to assume any of the subject loan obligations. Based upon

the record, it is the finding of the Court that the parties' intended that the Debtor's assumption of the subject loans would enable Plaintiff to afford the cost of maintaining a residence for the parties' children, and that such assumption was therefore undertaken essentially (even if indirectly) as support and maintenance.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the subject loans to the Production Credit Association and to Peoples Savings & Loan are DEEMED NONDISCHARGEABLE to the extent of any personal liability imposed upon the wife by a deficiency judgment in the state court foreclosure or otherwise.