**In re Victor Roy MATTERN, III, Debtor.**

**Victor Roy MATTERN, III, Plaintiff,**

v.

**Al SEALE, Esquire and Becky Mattern, Defendants.**

Bankruptcy No. 83–00344.
Adv. No. 83–0332.

United States Bankruptcy Court,
S.D. Alabama.

Sept. 9, 1983.

Karen A. Zokoff, Mobile, Ala., for debtor.

Al Seale, Mobile, Ala., pro se.

Frances R. Niccolai, Mobile, Ala., for defendants.

## ORDER ON COMPLAINT

It is the opinion of this Court that the subject matter of this hearing is an integral part of this bankruptcy case; therefore, this order is entered under the provisions of paragraph (d)(1) and (d)(2) of the Rule of the United States District Court for the Southern District of Alabama entitled "Continued Administration of Bankruptcy System", adopted December 24, 1982.

WILLIAM G. CAFFEY, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the debtor's Complaint seeking to have this Court find defendants in contempt of Court, determine that a certain debt is dischargeable, and for general relief; summons and notice of trial having been regularly issued and served; and upon the Counterclaim of Al Seale seeking to have this Court determine that a certain debt is nondischargeable; and evidence having been presented;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 1, 1983.

Prior to the filing of the bankruptcy petition by Victor Mattern, Becky Jean Mattern, his then wife, had filed a divorce proceeding against him in the Circuit Court of Mobile County, Alabama.

A hearing was held in the divorce case on December 10, 1982 and the Circuit Judge entered an order reciting that the parties had reached an agreement which was dictated into the record, appointing a Commissioner for taking of testimony, and directing the attorney for the plaintiff to draft and submit a judgment of divorce incorporating therein the agreement of the parties.

The judgment of divorce was entered on February 9, 1983 and provided, inter alia, that the wife was awarded custody of the minor child of the parties, with visitation rights in the husband; the husband was to pay as child support the sum of $50.00 per week and all outstanding family bills, together with the sum of $300.00 toward the wife's attorneys fee and a judgment for that amount was awarded in favor of Al Seale, the wife's attorney, and against the defendant, Victor R. Mattern, III.

After the agreement was reached in December, 1982 the husband was dilatory in paying some utility bills totaling $186.33 and after receiving a "cut-off" notice from the telephone company, Mrs. Mattern filed a petition in the state court on February 22,

1983 seeking a "rule nisi" against the husband for his failure to pay these bills.

As indicated above, Victor Mattern filed his bankruptcy petition on April 1, 1983. In the schedules attached to that petition, he did not list Becky Jean Mattern as a creditor, but he did list Al Seale with a debt of $290.00, and the utility companies with an indebtedness of $1.00 each, indicating "services rendered to debtor's ex-wife".

In an amendment to the Schedules filed on April 18, 1983 the debtor added as a creditor: Mrs. Becky Mattern for "disputed claim regarding payment of utility bills, incurred in January of 1983, the amount is $186.33."

On April 4, 1983 the debtor, through his attorney, filed in the state court a motion to stay the proceedings in that Court. This motion was granted by the Circuit Judge on the same date; however, on April 8, 1983 the stay order was amended to cover garnishment proceedings only.

On April 18, 1983 the proceeding came on for hearing in the Circuit Court. The Plaintiff was unable to appear and her attorney requested a continuance of the matter. The attorney for Victor Mattern objected to a continuance of the matter and insisted that all proceedings be stayed pending the bankruptcy case on the grounds that the utility debts were not in the nature of alimony, or support, and were, therefore, dischargeable. The Circuit Judge stated the issue as being: "whether or not those bills were intended to be alimony, support or child support:" and indicated that he could determine that issue. He thereupon continued the hearing until April 26, 1983. After an evidentiary hearing on April 26, 1983, the Circuit Judge found that the utility bills in the amount of $186.33 were in the nature of child support which should have been the responsibility of the husband, but off-set against that indebtedness the amount of $125.00 which represented the husband's share of the proceeds from the sale of an automobile, and awarded a judgment in favor of the wife and against the husband for $61.33 plus costs of court.

On May 27, 1983 Victor Mattern filed his Complaint herein seeking to have Becky Mattern and Al Seale, her attorney, found in contempt of this Court for proceeding with the State Court action and to have the indebtedness of $61.33 declared dischargeable. Al Seale has counter-claimed seeking to have his award of attorney's fee declared non-dischargeable, and admitting that he had received a $10.00 payment thereon.

## CONCLUSIONS OF LAW

While the Bankruptcy Court has exclusive jurisdiction to determine the dischargeability, vel non, of debts which fall under Section 523(a)(2), (4) and (6) of the Bankruptcy Code, its jurisdiction is concurrent with other courts as to the other categories of debts under Section 523(a). Bankruptcy Code, Section 523(c), 3 *Collier on Bankruptcy,* 15th Ed., Par. 523.15[6].

Therefore, the Circuit Court of Mobile County, Alabama, wherein the divorce proceeding was pending, had jurisdiction to determine whether the debts sought to be enforced against the husband constituted "alimony to, maintenance for, or support of such spouse or child" within the meaning of Section 523(a)(5) of the Bankruptcy Code. If so, then the debts were non-dischargeable and the stay was not effective as to the collection of the indebtedness from property that is not property of the bankruptcy estate. Bankruptcy Code, Section 362(b)(2).

Although the state court did not *in haec verba* declare the indebtedness non-dischargeable under bankruptcy law, the record in the trial court clearly shows that the judge was fully cognizant of the debtor's contention in this regard and of the issue presented for his determination. He found that the debts were in the nature of child support; and rendered a judgment against the debtor for the net amount due.

This Court is of the opinion that the determination of the state judge in this regard is entitled to *res judicata* or collateral estoppel effect. See: *In re Peterman,* 5 B.R. 687, 16 B.C. 787 (E.D., Pa.Bkrtcy.1980) 6 B.C.D. 851.

However, it is not necessary to rest this decision on that conclusion because this Court is further of the opinion that the determination of the state judge is correct—legally and factually.

The legislative history of the Bankruptcy Reform Act of 1978 makes clear that an agreement by the debtor to hold his spouse harmless on joint debts of the marriage renders such debts nondischargeable to the extent that such agreement is in payment of alimony, maintenance or support. Senate Report 95–989, 95th Cong.2d Sess., page 79 (1978), House Report 95–595, 95th Cong., 1st Sess., page 363 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ An examination of the terms of the agreement between the parties, which was incorporated into the judgment of divorce, convinces this Court that the obligation of the husband to pay all of the outstanding family bills (which included the utility bills involved here) was in the nature of support and maintenance, and was not in the nature of a property settlement. That being so, the obligation which Becky Mattern and her attorney were attempting to enforce was non-dischargeable and the automatic stay of Section 362 of the Bankruptcy Code was not in effect. Neither Becky Mattern nor her attorney were in contempt of this Court by proceeding as they did. In addition, the state court had concurrent jurisdiction with this Court as to the dischargeability issue and properly decided that issue.

■ Turning to the Counterclaim of Al Seale, there is a division of authority on the dischargeability, vel non, of attorney's fee awarded in connection with a divorce case. However, it appears that the better reasoned cases, and the weight of authority, support the proposition that such fees are in the nature of alimony, maintenance and support, and, therefore, non-dischargeable. See: *In re Spong* 661 F.2d 6 (2 Cir., 1981) 8 B.C.D. 150; *In re Gwinn* 20 B.R. 233 (9 Cir., Bkrtcy.App.1982) 9 B.C.D. 147; *In re Glover,* 16 B.R. 213, 16 B.C. 213 (M.D., Fla. Bkrtcy.1981); *In re Knight* 29 B.R. 748 (W.D., N.C.–1983).

Following the above line of decisions, this Court concludes that the obligation of the debtor to pay attorney's fee to his wife's attorney in the divorce proceeding was in the nature of alimony, maintenance and support, and, therefore, also non-dischargeable. The relief sought in the counterclaim of Al Seale is due to be granted.

### ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the relief sought in the Complaint of Victor Roy Mattern, III be, and the same hereby is, DENIED; and the indebtedness of $61.33 found by the Circuit Court of Mobile County, Alabama to be due and owing by Victor Roy Mattern, III to Becky Jean Mattern is hereby DECLARED to be NON–DISCHARGEABLE within the intent and meaning of the Bankruptcy Code; and

It is further ORDERED, ADJUDGED and DECREED that the relief sought in the counterclaim of Al Seale be, and the same hereby is, GRANTED; and the award of attorney's fee to him by the Circuit Court of Mobile County, Alabama against Victor Roy Mattern, III, with an unpaid balance of $290.00 be, and the same hereby is, DECLARED to be NON–DISCHARGEABLE within the intent and meaning of the Bankruptcy Code.