ORDER ENTERED ACCORDINGLY.

**In re Keith Mamoru YAMADA, Debtor.**

**Elaine S. YAMADA, Plaintiff,**

**v.**

**Keith Mamoru YAMADA, Defendant.**

**Bankruptcy No. 82–00206.**
**Adv. No. 82–0104.**

United States Bankruptcy Court,
D. Hawaii.

Feb. 13, 1984.

Raymond Okuma, Honolulu, Hawaii, for plaintiff.

Eric Marn, Honolulu, Hawaii, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

A hearing was held on January 3, 1984 on Plaintiff's Complaint, at which time, Raymond Okuma, Esq., represented Elaine S. Yamada, hereafter "Plaintiff", and Eric Marn, Esq., represented Keith Mamoru Yamada, hereafter "Defendant".

The issue before this Court is whether the debt incurred during marriage and assumed by the husband in a "Property Settlement Agreement" may be discharged in bankruptcy. Phrased differently, the issue is whether the debts assumed by the husband in the above agreement were assumed in lieu of payment of alimony and as such are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

> 11 U.S.C. § 523(a) excepts from discharge of an individual debtor any debt
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or

child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support:

Pursuant to this section, debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse and children will be held nondischargeable.

Defendant contends that his reconveyance of his interest in a parcel of land in Kapahulu, Honolulu, Hawaii, to Plaintiff's parents was in lieu of alimony; and thus, because Plaintiff had waived alimony in the "Property Settlement Agreement," he was entitled to discharge of those debts he assumed in the settlement. Plaintiff contends that the return of the property to her parents was unrelated to the waivor of alimony; she contends that the waivor of alimony and her agreement to a reduction in support money for the two children were in return for Defendant's agreement to assume the larger portion of the family debts.

Based upon the evidence adduced, the memoranda and records herein and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On June 9, 1981, the parents of Plaintiff conveyed a ⅔rd interest in a parcel of land situate at Kapahulu, Honolulu, Hawaii, to Plaintiff and Defendant, who were then husband and wife. As part of the consideration, Plaintiff and Defendant agreed to assume and pay the balance of the mortgage remaining on the property, to construct a new house and to look after Plaintiffs aged parents for the rest of their lives.

Defendant made one or two of the mortgage payments, made some minor repairs on the existing home and paid the utility bills totalling $600.00 over a period of six (6) months. However, Plaintiff and Defendant were not able to assume the mortgage and were not able to build a new home on the property. Sometime in November of 1981, Plaintiff's father talked to Plaintiff and Defendant concerning the return of the property, to which Plaintiff and Defendant agreed. By Deed dated November 27, 1981, recorded at the Bureau of Conveyances, State of Hawaii, in Liber 16008, page 53, the property was reconveyed to Plaintiff's parents as tenants by the entirety.

Plaintiff, Defendant and their two children lived with Plaintiff's parents for over two years without paying anything except for $100.00 in real property tax and $100.00 a month for electricity. Defendant did some minor repairs to the home.

Pursuant to the divorce proceedings commenced by Plaintiff against Defendant in the Family Court of the State of Hawaii, Plaintiff and Defendant entered into a "Property Settlement Agreement". At the beginning, Plaintiff requested $150.00 per month for each of the two children for their support, maintenance and education. Plaintiff also requested that she and her husband were to be responsible for the family debt which totalled $16,125.72, with Plaintiff paying $350.00 per month and Defendant paying $400.00 a month towards the liquidation of the debts.

Following negotiations, it was agreed, inter alia, that Defendant was to pay $100.00 per month per child for their support, education and maintenance, and that, of the approximate $16,175.00 in family debts, Plaintiff was to be responsible for $3,220.78 and Defendant was to be responsible for the balance of approximately $12,905.07, all as set forth in the "Property Settlement Agreement." Part of this agreement was

Plaintiff's consent to waive any claim for alimony.

## CONCLUSIONS OF LAW

1. The Court finds that the payment of two mortgage payments, doing minor repairs and payment of the utility bills were in lieu of Plaintiff and Defendant paying rent to Plaintiff's parents for use of the residence. Since there was no assumption of the existing mortgage, there was failure of consideration and Plaintiff's parents were entitled to the return of the property. Thus, the return of the property to Plaintiff's parents was not part of the "Property Settlement Agreement".

2. As to the property settlement, it is clear that the agreement by Defendant to pay $12,905.07 or thereabouts of the joint debts of the marriage was in lieu of a larger amount initially requested by Plaintiff for the support, education and maintenance of the two children. Thus, this Court finds the agreement by Defendant to pay such debts to be in the nature of support, education and maintenance for the children and not in the nature of a property settlement. Pursuant to 11 U.S.C. § 523(a)(3) such debts are thus nondischargeable. *See In re Mattern,* 33 B.R. 566 (Bkrtcy.S.D.Ala. 1983).

3. Based on the foregoing, the Court finds the debts assumed by Defendant in the "Property Settlement Agreement" to be nondischargeable.

4. A Judgment will be signed upon presentment.