In re Marvin J. POLIVNICK, Debtor.

Luis M. BURRIS and Hae-Kyung Burris, Plaintiffs,

v.

Marvin J. POLIVNICK, Defendant.

Bankruptcy No. 79–00995–JD(A).

United States Bankruptcy Court, C. D. California.

Feb. 2, 1981.

Luis M. and Hae-Kyung Burris, in pro. per.

Marvin J. Polivnick, in pro. per.

## MEMORANDUM OF DECISION

JAMES R. DOOLEY, Bankruptcy Judge.

On or about March 22, 1974 the plaintiffs delivered to the defendant, who was a partner in Liberty Coin Co., 200 Mexican 50 Peso gold coins. In connection with this transaction plaintiff Hae-Kyung Burris and the defendant executed a Memorandum Of Coin Loan Agreement,[1] which provided in part as follows:

"It is agreed and understood between Liberty Coin Company and ourselves that as valuable consideration of our loan of 200 Mexican 50 Peso Gold Coins to you, Liberty Coin Company that you agree to pay us interest at the rate of 10% per annum on the total valuation of the coins on this day, March 22, 1974 until the coins are returned to us.

\* \* \* \* \* \*

You, Liberty Coin Company agree and promise to make return of said 200 coins upon demand within 7 days written notice."

Defendant returned 150 of the 200 gold coins to plaintiffs upon demand; however, the remaining 50 gold coins, although demanded by plaintiffs, have never been returned. Following the failure of the defendant to return the 50 gold coins plaintiffs brought suit against the defendant and his partner in the Los Angeles County Superior Court, civil action No. C 167218; and on November 16, 1977 Judge Eugene Sax of the Superior Court filed a Memorandum Of Intended Decision in that action which read in part as follows:

"It is uncontradicted that 150 of the 200 Mexican gold coins described in the contract between plaintiffs and LIBERTY COIN COMPANY were returned to plaintiffs and that the interest at the rate of 10 percent per annum was paid up to May 25, 1975, and that the remaining 50 coins have never been returned to the plaintiffs, in whole or in part, and interest becoming due June 25, 1975 and thereafter has never been paid."

\* \* \* \* \* \*

Defendants' wrongful refusal to redeliver the coins to plaintiffs after their seven days written notice of demand therefor constituted a wrongful act and, therefore, actionable as a conversion . . ."

\* \* \* \* \* \*

The court does not believe that either defendant actually intended to injure plaintiffs and, therefore, the court will not award punitive damages herein . . ."

On January 10, 1978 the superior court filed its Judgment in civil action No. C 167218 which ordered, adjudged, and decreed:

". . . that plaintiffs LUIS M. BURRIS and HAE KYUNG BURRIS have and recover from the defendants GERALD OSTROW and MARVIN POLIVNICK, individually, and doing business as LIBERTY COIN COMPANY, jointly and severally the sum of $11,425.13 plus interest at the rate of seven percent per annum from July 21, 1975, until date of entry of this Judgment in the sum of $1979.29, being a total of $13,404.42, together with costs of suit herein . . ."

---

1. A copy of the aforementioned Memorandum Of Coin Loan Agreement is attached hereto as Appendix A.

On January 26, 1979 the defendant filed in this court a voluntary petition in bankruptcy; and on March 19, 1979 plaintiffs filed in the bankruptcy court a complaint entitled "Complaint Objecting To Discharge". Plaintiffs apparently seek to prevent a discharge of defendant's debt to them and seem to rely upon Section 17(a)(2) and (4) of the Bankruptcy Act of 1898, as amended, former 11 U.S.C. § 35(a)(2) and (4) which except from discharge debts which:

"... (2) are liabilities for obtaining money or property by false pretenses or false representations ... or for willful and malicious conversion of the property of another;

\*     \*     \*     \*     \*     \*

(4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity ..."

Among other things, plaintiffs allege:

"1. The bankrupt has committed a fraud involving conversion of funds by wrongfully refusing to deliver certain coins after seven days written notice to return said coins which were loaned to the bankrupt for use in his coin business as stock or inventory.

2. The bankrupt has willfully and wrongfully committed the act of conversion by using the coins, not for stock or inventory in the coin business but, speculating with them on his own account on margin in the market and losing them."

### FRAUD

In an action under the first part of Section 17(a)(2) of the Bankruptcy Act of 1898, as amended, the burden is on the party challenging the discharge to prove all of the elements of actual or positive fraud. Cf. *In re Houtman*, 568 F.2d 651, 655 (9th Cir. 1978); *Matter of Nelson*, 561 F.2d 1342, 1346 (9th Cir. 1977); *Wright v. Lubinko*, 515 F.2d 260 (9th Cir. 1975); *In re Taylor*, 514 F.2d 1370, 1373 (9th Cir. 1975); *Sanitation Recycling, Inc., v. Jay Peak Lodging Ass'n., Inc.*, 428 F.Supp. 1022 (D.C.Vt.1977); *In re Knight*, 421 F.Supp. 1387, 1390–1391 (M.D. La.1976), affirmed without published opinion, 551 F.2d 862 (5th Cir. 1977); *In re Dolnick*, 374 F.Supp. 84 (N.D.Ill.1974).

This court concludes that plaintiffs have failed to prove the required elements of actual or positive fraud. As indicated above, the Superior Court did not believe that the defendant actually intended to injure plaintiffs, and this court concurs in that view. From the evidence adduced, this court finds that plaintiffs knew when the coins were delivered to defendant that they would be used in connection with defendant's coin business, if necessary; although plaintiffs testified that defendant said he would use the coins as "back-up" coins. This court finds no false representations made by the defendant to plaintiffs, nor does the court find that the defendant intended to deceive plaintiffs.

### WILLFUL OR MALICIOUS CONVERSION

The Superior Court concluded that defendant's wrongful refusal to redeliver the coins to plaintiffs was actionable as a conversion. This conclusion, however, is not binding on this court in determining dischargeability, although it is entitled to consideration. Cf. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Houtman, supra.*, 568 F.2d at pages 653–654.

Since plaintiffs were aware that the 50 coins might be used by defendant in his business, and that different coins might be returned, this court is of the view that the delivery of the coins to defendant constituted a deposit for exchange within the meaning of §§ 1818 and 1878 of the California Civil Code,[2] and that a debtor-creditor rela-

2. Section 1818 of the California Civil Code provides as follows:

"§ 1818. Deposit for exchange defined

Deposit for exchange, what. A deposit for exchange is one in which the depositary is only bound to return a thing corresponding in kind to that which is deposited."

tionship was thereby created. In Cal.Jur.3d Bailments § 5 the authors state:

"The Civil Code provides that a deposit may be for safekeeping or for exchange. A deposit for keeping is one in which the depositary is bound to return the identical thing deposited, whereas a deposit for exchange is one in which the depositary is bound only to return a thing corresponding in kind to that which is deposited. A deposit for exchange transfers to the depositary the title to the thing deposited, and creates between him and the depositor the relation of debtor and creditor merely."

■ This court is of the opinion that, although defendant incurred a liability by reason of his failure to return the 50 coins, that liability did not arise from conversion. Assuming, however, that there was a conversion, this court finds that it was not willful or malicious within the meaning of § 17(a)(2) of the Bankruptcy Act of 1898, as amended. Cf. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 331–332, 55 S.Ct. 151, 152–153, 79 L.Ed. 393; *In re McGinnis*, 586 F.2d 162, 163–164 (10th Cir. 1978).

## MISAPPROPRIATION OR DEFALCATION BY FIDUCIARY

■ In their complaint plaintiffs also alleged that "While operating Liberty Coin Company, Marvin Polivnick and Gerald Ostrow were in positions requiring public trust." Apparently plaintiffs are seeking to have defendants debt to them declared nondischargeable pursuant to Section 17(a)(4) of the Bankruptcy Act of 1898, as amended. However, the term "fiduciary" under Section 17(a)(4) has been construed as limited to express trusts, and not to trust imposed *ex maleficio* or to trust implied by law from contracts. See *Davis v. Aetna Acceptance Co., supra.*, at page 333, 55 S.Ct. at page 153; *In re Thornton*, 544 F.2d 1005, 1007 (9th Cir. 1976); 1A Collier On Bankruptcy, ¶ 17.24[4]; 8 Remington On Bankruptcy; § 3364 et seq. Since the documents involved in this case do not create an express trust, defendant's debt to plaintiffs is not rendered nondischargeable pursuant to Section 17(a)(4).

This Memorandum Of Decision contains findings of fact and conclusions of law as required by Bankruptcy Rule 752(a).

### APPENDIX

[SEAL]  *Liberty Coin Company*

9465 WILSHIRE BOULEVARD    SUITE 428    BEVERLY HILLS, CALIFORNIA 90212

(213) 278-0674

March 22, 1974

---

### MEMORANDUM OF COIN LOAN AGREEMENT

It is agreed and understood between Liberty Coin Company and ourselves that as valuable consideration of our loan of 200 Mexican 50 Peso Gold Coins to you, Liberty Coin Company that you agree to pay us interest at the rate of 10% per annum on the total valuation of the coins on this day,

And § 1878 of the California Civil Code provides:

"§ 1878. Transfer of title; relationship between parties

Relations of the parties. A deposit for exchange transfers to the depositary the title to the thing deposited, and creates between him and the depositor the relation of debtor and creditor merely."

March 22, 1974 until the coins are returned to us.

Interest will be payable monthly, including any portion thereof with a check being mailed to us by the 25th of each month hereafter.

If for some reason the coins are returned to us, within one month of the date of this writing, either upon demand or voluntarily, you agree to pay us one month's interest as minimum consideration of this loan.

You, Liberty Coin Company agree and promise to make return of said 200 coins upon demand within 7 days written notice.

This coin loan with interest payable will continue indefinitely and will cease only upon return of the coins.

/s/ Marvin Polivnick    /s/ Hae Kyung Burris
Signature Liberty Coin Co.    Signature

3/22/74      3-22-74
Date         Date

Valuation of Coins March 22, 1974

Total Valuation—$45,000.00

Interest @ 10% per annum—$450.00

Interest payable per month—$375.00