In re Howard Francis PETERSON and Kerry Lee Peterson, fdba Howard Peterson and Sons Construction Company, formerly T&F Builders, Debtors.

Curtis WAFER and Ethel Wafer, his wife, Plaintiffs,

v.

Howard PETERSON and Kerry Lee Peterson, dba Howard Peterson & Sons Construction Company and aka Howard Peterson Construction Co., Defendants.

Bankruptcy No. 80–00712.
Adv. No. 80–0070.

United States Bankruptcy Court, D. Nevada.

March 18, 1981.

Seymour H. Patt, Reno, Nev., for plaintiffs.

Sylvia J. Thompson, Reno, Nev., for defendants.

## OPINION AND DECISION

BERT M. GOLDWATER, Bankruptcy Judge.

On November 4, 1980, Curtis Wafer and Ethel Wafer filed a complaint herein seeking to have a judgment declared nondischargeable under 11 U.S.C. 523(a)(2).

A default judgment was entered in favor of plaintiffs by the Second Judicial District Court of Washoe County, Nevada, against Howard Peterson and Kerry Lee Peterson doing business as Howard Peterson and Sons Construction Company also known as Howard Peterson Construction Co., in the Washoe State Court in Action Number 80–3523 on July 23, 1980, for $8,782.04 in special damages, $10,000 in general damages, and $10,000 in punitive damages. The complaint upon which said judgment was rendered was based on fraud and purposeful misconduct on the part of defendants, but fraud was not found as a fact by the State Court.

11 U.S.C. 523(a)(2) excepts from discharge under 11 U.S.C. 727, 1141, or 1328(b) any debt for obtaining money, property or services by false pretenses, a false representation, or actual fraud. It is well settled that a judgment based upon a fraudulent representation may be excepted from the operation of a discharge, but the Bankruptcy Court has exclusive jurisdiction to determine dischargeability and whether the facts are within Section 523(a)(2). This may require relitigation of those issues in the Bankruptcy Court. 3 *Collier on Bankruptcy* 523–66 (15th ed. 1980). The Court heard a complete retrial of the issues and evidence relating to false representation and fraud because the State Court judgment was by default.

It appears that Peterson contracted with Wafer to build a basement garage for $13,900. The contract was signed on November 5, 1979, prior to the issuance of a building permit by the Washoe County

Building Department. On November 19, 1979, when Wafer and Peterson went to the Washoe County Building Department to pick up a permit, they were informed that they would have to revise the plans (the plans on which the November 5, 1979 contract was based) to include a 312 foot wall for crawl space.

The testimony as to what happened at this point conflicts. Wafer testified that Peterson agreed to add the walls but to "live with" the original contract price. Peterson testified that he told Wafer the wall would cost approximately $2,500 more and that Wafer agreed to pay for the footage. In either event, the plans were revised, the permit was issued, and construction began. Construction stopped when Wafer refused to sign a contract for the additional $2,500.

Plaintiffs have failed to carry their burden of proof that the husband defendant fraudulently represented he would do the extra work required by the Washoe County Building Department for the original contract price and then refused to do so. Although the testimony differs, there is no hard and fast evidence that defendant Howard Peterson said he would "live with" the original contract price. This Court finds that there was not a false representation or fraud that would bring this case within the purview of Section 523(a)(2).

A false representation under Section 523(a)(2) is a fraud which involves moral turpitude or intentional wrong. 3 *Collier on Bankruptcy* 523–39 (15th ed. 1980). Actual fraud under Section 523(a)(2) consists of any deceit, artifice, trick, or design, involving direct and active operation of the mind, used to circumvent and cheat another. 3 *Collier on Bankruptcy* 523–47 (15th ed. 1980). There is no evidence which convinces this Court that there was anything more than a misunderstanding between the parties and a misunderstanding does not rise to level of conduct required to have a debt declared nondischargeable under Section 523(a)(2).

Let judgment be entered that plaintiffs' judgment against defendant be discharged in this bankruptcy.