**In re Denby HUFF, Mary Huff, Debtors.**

**ALLIS–CHALMERS CORPORATION, Plaintiff,**

v.

**Denby HUFF, Mary Huff, Defendants.**

**Bankruptcy No. 1–81–00030. Adv. No. 1–81–0050.**

United States Bankruptcy Court, W. D. Kentucky.

Jan. 27, 1982.

William E. Rueff, Jr., Bowling Green, Ky., for debtors-defendants.

David W. Anderson, Bowling Green, Ky., for plaintiff.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This Court's jurisdiction was originally invoked when the defendant-debtors, Denby and Mary Huff (Huffs), filed a voluntary petition in bankruptcy pursuant to 11 U.S.C. § 302 on January 30, 1981. Thereafter, on June 15, 1980, the plaintiff, Allis-Chalmers Corporation (Allis-Chalmers), filed a complaint seeking a determination that its debt be found nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Prior to the instant proceedings, the plaintiff instituted suit in the United States District Court for the Western District of Kentucky, Bowling Green Division, Civil Action No. 79–0093–BG, on November 21, 1979. In that litigation plaintiff sought a judgment in the total amount of $164,-566.16, and for an order of possession. Subsequently, the parties submitted an agreed judgment to United States District Judge Edward Johnstone, who signed the decree and had it entered by the Clerk on February 6, 1981. The judgment recited that the Huffs were indebted to plaintiff in the amount of $523,537.19, with interest to be computed at the rate of $240.72 per day, and plaintiff's costs.

Thereafter, on March 18, 1981, Judge Johnstone sustained plaintiff's motion for summary judgment. The judgment set forth the identical amounts and conditions as the previously entered agreed judgment of February 6, 1981.

In response to plaintiff's complaint in this Court, the defendants, by counsel, filed a motion to dismiss and answer on July 17, 1981, wherein defendants contend, among other allegations, that the complaint does not satisfy Rule 9(b), F.R.C.P., 28 U.S.C., as adopted by Rule 709, R.B.P., and that the complaint is barred by res judicata. The parties having filed memoranda of legal authorities and argument in support of their respective positions, and the Court having considered the arguments, relevant statutory and decisional authorities concludes that the motion to dismiss should be overruled.

The general doctrine of res judicata prevents multiple litigation and insures the finality of decisions. *In Re Peterman*, 5 B.R. 687 (Bkrtcy.E.D.Penn.1980). The Court in *Peterman* relied upon *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), which stated:

> "Under res judicata, 'a final judgment on the merits bans further claims by parties or their privies based on the same cause of action.'"

The Court further concluded:

> "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." At 689.

Res judicata is distinguished from collateral estoppel which "... treats as final only those questions actually and necessarily decided in the prior suit...," whereas res judicata "forecloses all that which might have been litigated previously." *In Re Peterman, ibid.*

Subsection 523(c) does not effect a change from prior law and grants to the Bankruptcy Courts exclusive jurisdiction to determine the dischargeability of debts listed in subsections 523(a)(2), (4) and (6). *In Re Peterman, ibid; In Re Peterson*, 9 B.R.

835 (Bkrtcy.D.Nev.1981); and 3 *Collier on Bankruptcy,* ¶ 523.66 (15th Ed. 1980).

Dispositive of the issue is *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), which held that a state court suit which had been settled by a consent judgment was not res judicata to subsequent nondischargeability litigation in a bankruptcy court. Although the Court dealt with § 17 of the Bankruptcy Act, 11 U.S.C. § 35, the language of § 523 effects no substantial change from the established law relating to dischargeability; therefore, the decisional law interpreting § 17 remains generally applicable. See H.R. Rep.No. 595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

The Supreme Court in *Brown* concluded that a bankruptcy court is not confined to a review of one nonbankruptcy court's judgment and record when determining the dischargeability of a debt. See *In Re Houtman,* 568 F.2d 651 (9th Cir. 1978); *In Re Rahm,* 641 F.2d 755 (9th Cir. 1981); *In Re Franklin,* 615 F.2d 909 (10th Cir. 1980); *Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th Cir. 1980); *In Re Peterson,* 9 B.R. 835 (Bkrtcy.D.Nev.1981); *In Re Day,* 4 B.R. 750 (D.C.S.D.Ohio, 1980); *In Re Manitta,* 1 B.R. 393 (Bkrtcy.C.D.Cal.1979); and *In Re Polivnick,* 8 B.R. 621 (Bkrtcy.C.D.Cal.1981).

For the foregoing reasons, the Court finds that res judicata is inapplicable to this proceeding.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the motion to dismiss be and is overruled.

IT IS FURTHER ORDERED AND ADJUDGED that this matter be and is set for a pre-trial conference on *February 8, 1982, at 3:45 p. m., in the Bankruptcy Hearing Room, Federal Building, Bowling Green, Kentucky 42101.*