**In re Ruth Ann OWEN, Debtor.**

**Ruth Ann OWEN, Plaintiff,**

v.

**Edith M. HANEY, et al., Defendants.**

Adv. No. 82–0590.
Bankruptcy No. 82–01257.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 4, 1982.

Daryl Keith Rubin, Toledo, Ohio, for plaintiff.

Arthur F. Raker, Toledo, Ohio, for defendants.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon Plaintiff's Motion for Judgment on the Pleadings on Defendants' Counterclaim. The Motion is not well taken and should be denied.

On June 8, 1982 the Plaintiff/Debtor, Ruth Ann Owen, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Prior to the filing of the petition on April 20, 1982, Plaintiff and Defendants entered into a consent judgment in settlement of litigation commenced in the Municipal Court of Toledo, Lucas County, Ohio, wherein Defendants were granted a judgment against Plaintiff for a sum totaling approximately $916.00. Subsequently, Plaintiff's bank account in the amount of $350.00 was attached. The present action was filed by Plaintiff on June 11, 1982 to avoid the lien of Defendants on Plaintiff's bank account pursuant to 11 U.S.C. Section 522(f)(1) on the grounds that it impaired exemptions to which the Debtor was otherwise entitled to under Ohio law.

On August 25, 1982 Defendants filed an answer to Plaintiff's complaint and also counterclaimed that the judgment entered in the municipal court was nondischargeable under 11 U.S.C. Section 523(a)(6) being the result of an alleged willful and malicious injury inflicted upon Defendants by Plaintiff. In the present Motion for Judgment on the Pleadings Plaintiff urges that Defendants' counterclaim is barred under the doctrine of Res Judicata since the consent entry settling the litigation in state court made no mention of any willful and malicious conduct on Plaintiff's part. Defendants urge that the consent entry resulting from the state court proceedings is no bar to a subsequent determination in this Court that the debt in question is nondischargeable. This Court agrees.

In *Brown v. Felsen,* 442 U.S. 127, 138–139, 99 S.Ct. 2205, 2212–2213, 60 L.Ed.2d 767, 776 (1979) the Supreme Court of the United States held that a bankruptcy court was "not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of [a] debt" under Sections 17a(2) and 17a(4) of the Bankruptcy Act, 11 U.S.C. Sections 35(a)(2) and 35(a)(4), thus rejecting a claim that a prior state court adjudication was Res Judicata. Although the Court in *Brown v. Felsen, supra,* dealt with Section 17 of the Bankruptcy Act, 11 U.S.C. Section 35, the language of U.S.C. Section 523, under which the present suit was brought, effects no substantial change from the established law relating to dischargeability, thereby rendering the decision applicable to a case under the Bankruptcy Code, *Allis-Chalmers Corp. v. Huff,* 16 B.R. 823, 825 (Bkrtcy.W.D.Ky.1982).

The Supreme Court's decision in *Brown v. Felsen, supra,* is controlling in the present case and thus the consent entry in state court in the present proceeding is no bar to Defendants' counterclaim that the debt in question is nondischargeable under 11 U.S.C. Section 523(a)(6). Furthermore, although the question has not been raised in the present motion, it appearing that none of the factual issues involved in the prior state court proceeding were actually litigated, it appears that the prior state court proceeding should not preclude litigation of any factual issues involved in this lawsuit. *See Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981).

For the foregoing reasons, it is hereby,

ORDERED that Plaintiff's Motion for Judgment on the Pleadings on Defendants' Counterclaim be, and it hereby is, overruled.