**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1083-GTaS |
| SHMUEL ERDE, | Bk. No. 2:18-bk-20200 |
| Debtor. | Adv. No. 2:18-ap-01290 |
| SHMUEL ERDE, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| DAVID EISENBERG; GEORGE VETRANO, | |
| Appellees. | |

Argued and Submitted on November 21, 2019
at Pasadena, California

Filed – December 3, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

---

Appearances:      Appellant Shmuel Erde argued pro se.[**]

---

Before: GAN, TAYLOR, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 11[1] debtor Shmuel Erde appeals from an order denying his motion pursuant to Rule 9024, to alter or amend the order dismissing his first amended complaint with prejudice. Mr. Erde did not appeal the order dismissing his first amended complaint and instead sought relief from the order on the basis of newly discovered evidence.

The bankruptcy court denied the motion to alter or amend as moot because the underlying bankruptcy case was dismissed and Mr. Erde was determined to be a vexatious litigant. We AFFIRM on the separate basis that Mr. Erde did not present any newly discovered evidence.

---

[**] None of the named appellees actively participated in this appeal.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

## FACTS

Mr. Erde filed a chapter 11 case, pro se, on August 31, 2018. He initiated an adversary proceeding against Jaime Mendoza, The Puffy Trust, David Eisenberg, and George Vetrano seeking $52,000 which Mr. Erde alleged was payable to him for his efforts in procuring a loan transaction.

### A.     The first complaint

Mr. Erde alleged that he received a loan request from George Vetrano for $6,000,000 to be secured by real property in New York, owned by the Puffy Trust. Mr. Erde alleged that he submitted the loan request to David Eisenberg, who promised that Mr. Erde would receive one point of the gross amount of the loan as compensation for arranging the transaction. After the loan closed for $5,700,000, Mr. Eisenberg deposited $5,000 into Mr. Erde's brokers account.

The trustee of the Puffy Trust, Jaime Mendoza, filed a motion to dismiss the complaint pursuant to Civil Rule 12(b)(6) on the basis that Mr. Erde did not allege any facts involving actions taken by Mr. Mendoza or the Puffy Trust. Mr. Mendoza also argued that Mr. Erde was not entitled to a commission as a matter of law because the complaint made no allegations that Mr. Erde was licensed to charge and receive a commission as required by New York law, or that there was a written commission agreement as required by California law.

The bankruptcy court dismissed the complaint without prejudice on

October 25, 2018, and set a deadline of November 16, 2018, for Mr. Erde to file an amended complaint. The court required that any amended complaint be served according to the rules of bankruptcy procedure and applicable laws.

**B.    The first amended complaint**

Mr. Erde filed a first amended complaint on November 8, 2018. He named Mr. Vertrano and Mr. Eisenberg as defendants and made the same factual allegations about the loan and his claim.

On December 6, 2018, the court held a hearing on the adversary proceeding and dismissed the first amended complaint. Mr. Erde did not provide a transcript of that hearing.

Mr. Erde filed a request for a written order on December 26, 2018, in which he stated that the bankruptcy court had dismissed the first amended complaint at the December 6, 2018 hearing but had not entered a written order on the docket. The next day, the court entered a separate written order dismissing the first amended complaint with prejudice because Mr. Erde failed to serve the first amended complaint in accordance with the rules of bankruptcy procedure. Mr. Erde did not appeal.

**C.    The motion to alter or amend**

On February 5, 2019, Mr. Erde filed a motion to alter or amend the order dismissing the complaint and the first amended complaint on the basis of newly discovered evidence. Mr. Erde stated that he had discovered

4

a new claim against all of the defendants based on their allegedly illegal scheme to pay kickback commissions in violation of the rules of the Consumer Financial Protection Bureau ("CFPB"). Mr. Erde argued that Mr. Vetrano and Mr. Eisenberg were not licensed brokers at the time of the loan transaction and therefore they could not be paid a commission unless they were listed in the closing statement. Mr. Erde stated that after the loan closed in 2017, he asked for a closing statement but was told that no closing statement was issued. Mr. Erde noticed a hearing on his motion for February 28, 2019.

On February 7, 2019, Mr. Mendoza filed a motion to continue the hearing. Mr. Mendoza argued that the court should conduct the hearing on its order to show cause why the bankruptcy case should not be dismissed prior to the deadline for responses to the motion to alter or amend. The court continued the hearing to May 2, 2019.

On February 21, 2019, the bankruptcy court dismissed the bankruptcy case and declared Mr. Erde a vexatious litigant. On April 2, 2019, the bankruptcy court entered an order denying Mr. Erde's motion to alter or amend as moot because the bankruptcy case was dismissed and Mr. Erde was determined to be a vexatious litigant. Mr. Erde timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334

and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in denying Mr. Erde's motion to alter or amend the dismissal order.

## STANDARD OF REVIEW

We review decisions regarding relief from judgment under Rule 9024 for abuse of discretion. *Heritage Pacific Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 105 (9th Cir. BAP 2013). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in the record. *Traffic School.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011). We may affirm the decision of the bankruptcy court on any basis supported by the record. *Western Funding Inc. v. Shapiro (In re Western Funding Inc.)*, 550 B.R. 841, 849 (9th Cir. BAP 2016).

We review our own jurisdiction de novo. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). De novo review requires that we consider the matter as if no decision had been previously rendered. *Kashikar v. Turnstile Capital Mgmt., LLC (In re Kashikar)*, 567 B.R. 160, 164 (9th Cir. BAP 2017).

## DISCUSSION

### A.     We do not have jurisdiction to review the order dismissing the first amended complaint.

Mr. Erde did not include the order dismissing the first amended complaint in his notice of appeal or attach that order, but his brief focuses primarily on the dismissal order and not the denial of his Rule 9024 motion. Despite Mr. Erde's failure to include the dismissal order in his notice of appeal, it is possible that we could have discretion to review that order if the notice of appeal was timely. *See Mahakian v. William Maxwell Investments, LLC, (In re Mahakian)*, 529 B.R. 268 (9th Cir. BAP 2015); Rule 8003(a)(2). However, because Mr. Erde did not timely appeal the dismissal order, we lack jurisdiction to review it.

Rule 8002(a) provides that a notice of appeal must be filed within fourteen days after entry of the judgment, order, or decree being appealed. This deadline is incorporated into 28 U.S.C. § 158(c)(2) and is a jurisdictional requirement. *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 106 (9th Cir. BAP 2018).

The bankruptcy court dismissed the first amended complaint at the December 6, 2018 hearing and entered a separate written order on December 27, 2018.[2] Mr. Erde did not file a notice of appeal within fourteen

---

[2] Mr. Erde has not argued that the dismissal order failed to satisfy Rule 7058, but "when a court enters a short order that clearly constitutes a final decision, that short

(continued...)

7

days of the entry of the order as required by Rule 8002(a), and did not file any other motion sufficient to toll the time to appeal under Rule 8002(b). As a result, we lack jurisdiction to review the order dismissing the first amended complaint, and this appeal is limited to the order denying the motion to alter or amend.

**B.    The bankruptcy court did not err in denying the motion to alter or amend.**

Although the court denied the motion to alter or amend as moot, relief under Civil Rule 60(b) was unavailable because Mr. Erde did not present any newly discovered evidence.

Civil Rule 60(b), made applicable by Rule 9024, allows the court to set aside a judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

---

[2](...continued)
order meets the separate judgment rule." *Unites States v. Schimmels (In re Schimmels)*, 85 F.3d 416, 421 (9th Cir. 1996). The dismissal order references the findings and conclusions made at the December 6, 2018 hearing and was entered after Mr. Erde's request for a separate written order. The dismissal order clearly states "IT IS ORDERED that the First Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND." However, even if the order did not satisfy Rule 7058, Mr. Erde waived any objection by moving to abandon the claims in the main case and by filing a Civil Rule 60(b) motion. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259 (9th Cir. 2004) ("[A] party's actions indicating its belief that a final judgment was entered can be sufficient to waive any Rule 58 objections.").

move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Mr. Erde's sole basis for relief was newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial. To constitute newly discovered evidence under Civil Rule 60(b)(2), the evidence (1) must have existed at the time the order was entered; (2) could not have been discovered through due diligence; and (3) was "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990).

Mr. Erde's "newly discovered evidence" is that Mr. Vetrano and Mr. Eisenberg engaged in an allegedly illegal kickback scheme in violation of CFPB regulations. All of the facts surrounding the loan transaction were

9

known to Mr. Erde at the time of filing the first amended complaint.[3] Mr. Erde offered no new evidence, only a new theory based on existing facts. However, "learning of a new legal theory is not the discovery of new *evidence*" required for relief under Civil Rule 60(b)(2). *FDIC v. Arciero*, 741 F.3d 1111, 1118 (10th Cir. 2013).

Even if the new legal theory could constitute newly discovered evidence, it was not of such a magnitude that it was likely to change the outcome of the case. The bankruptcy court dismissed the first amended complaint because Mr. Erde failed to serve the first amended complaint in accordance with the rules of bankruptcy procedure. Additional factual allegations or new legal theories would not have changed the result. Relief under Rule 60(b)(2) was not warranted and the bankruptcy court did not abuse its discretion in denying the motion.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order denying Mr. Erde's motion to amend the order dismissing the first amended complaint.

---

[3] It is possible that the new legal theory was also known to Mr. Erde at the time of the first amended complaint. The declaration attached to his motion to alter or amend states that it was executed on November 1, 2019, before the dismissal order was entered. Facts known to Mr. Erde before the dismissal order was entered cannot be newly discovered evidence sufficient to alter or amend under Civil Rule 60(b)(2). *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987).